UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SARA EVELINDA MONTOYA ) <br> 3620 Barcroft View Terr, #401 ) <br> Falls Church, VA  22041 ) <br> ) <br> GLINDYS DILENIA RIVERA MONTOYA) <br> 3620 Barcroft View Terr, #401 ) <br> Falls Church, VA  22041 ) <br> ) <br> SARA EVELINDA RIVERA MONTOYA  ) <br> 3620 Barcroft View Terr, #401 ) <br> Falls Church, VA  22041 ) <br> ) <br> On Behalf of Themselves and ) <br> All Others Similarly situated ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> DAISY FRESH CLEANING COMPANY, ) <br>     INC. ) <br> Registered Agent: ) <br> Connie Mason ) <br> 7115 Leesburg Pike, #209 ) <br> Falls Church, VA 22042 ) <br> ) <br> CONNIE MASON ) <br> 7115 Leesburg Pike, #209 ) <br> Falls Church, VA 22042 ) <br> ) <br>     Defendants. ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: _____ <br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiffs Sara Evelinda Montoya, Glindys Dilenia Rivera Montoya and Sara Evelinda Rivera Montoya (hereinafter, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and others similarly situated, hereby complain against Defendants Daisy Fresh Cleaning Company, Inc. and Connie Mason to recover unpaid wages, liquidated damages,

reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. (hereinafter "FLSA") as set forth below.

1. Plaintiff Sara Evelinda Montoya ("Sara Sr.") is an adult resident of the Commonwealth of Virginia. She is the mother of Plaintiff Glindys Dilenia Rivera Montoya and Plaintiff Sara Evelinda Montoya Rivera.

2. Plaintiff Glindys Dilenia Rivera Montoya ("Glindys") is an adult resident of the Commonwealth of Virginia. She is the daughter of Plaintiff Sara Evelinda Montoya.

3. Plaintiff Sara Evelinda Rivera Montoya ("Sara Jr.") is an adult resident of the Commonwealth of Virginia. She is the daughter of Plaintiff Sara Evelinda Montoya.

4. Defendant Connie Mason ("Mason") is an adult resident of the Commonwealth of Virginia and the owner of a residential cleaning business doing business as Daisy Fresh Cleaning Company, Inc.

5. Defendant Daisy Fresh Cleaning Company, Inc. ("Daisey Fresh") is the company from which the Plaintiffs were paid for their labor on behalf of Defendant Mason.

## FACTS

6. Defendants are in the business of providing residential house cleaning services throughout the Washington Metropolitan area and the corporate ownership and structure of the Defendants are unknown but are believed to be interrelated.

7. At all times relevant, Defendants were Plaintiffs' supervisor, set Plaintiffs' work schedule and hours, and determined Plaintiffs' rate and method of pay.

8. At all times relevant, Defendants were Plaintiff's "employer" for purposes of the FLSA.

9. At all times relevant, Defendants engaged in commerce or in the production of

goods for commerce within the meaning of §3(s)(l) of the FLSA (29 U.S.C. §203(s)(l)).

10. At all times relevant, Defendants qualified as an "enterprise" within the meaning of §3(r) of the FLSA (29 U.S.C. §203(r)).

11. At all times relevant, Plaintiffs were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

13. Plaintiff Sara Sr. was employed by the Defendants from January 2018 until July 11, 2019. Plaintiff Glindys was employed by the Defendants from June 2017 until July 11, 2019. Plaintiff Sara Jr. was employed by the Defendants from February 2019 until July 11, 2019.

14. The Defendants paid each plaintiff a different weekly salary each week each worked for the Defendants based on some type of profit margin and/or square footage calculation known only to the Defendants for the homes the Defendants instructed the Plaintiffs to clean.

15. Generally speaking, Plaintiffs were paid about $600 per week; and sometimes less when they worked fewer than five (5) days a week.  This means that their hourly rate was $15.00 per hour ($600 per week ÷ 40 hours).

16. Plaintiffs worked together in a crew and at other times with others.  Each morning Plaintiffs would arrive to the offices of the Defendants at 7115 Leesburg Pike, #209 in Falls Church, VA 22042 to receive instructions, assemble cleaning materials into an automobile, and retrieve a list of houses to clean.  Typically, they would work until they returned to the office around 6:30 p.m.  At no time did any of the Plaintiffs or other crew members enjoy a break lasting

longer than twenty (20) minutes.  Each worked a eleven and a half hours (11 and ½) a day, typically five (5) days a week.  Lunch was often time consumed in the car driving between appointments.

17. For the overtime hours worked each week by each Plaintiff in excess of forty (40), Defendants paid no wages at all.  Accordingly, each Plaintiff is owed $393.75 in unpaid overtime wages for each week they worked ($15.00 x 17.5 hours of overtime x 1.5).

18. The Plaintiffs last day of work was on July 11, 2019 but none have been paid any wages for work performed on July 1, 2, 3, 5, 8, 9 and 10, 2019 despite demand.  Each is owed an additional amount of $1,035 ($15.00 x 11.5 hours x 6 days) in unpaid wages.

19. Each Plaintiff routinely worked in excess of 40 hours a week, five (5) days a week, but did not receive proper overtime compensation.

20. At all times relevant, Defendants refused to pay the overtime to Plaintiffs after directing Plaintiffs to work overtime.

21. Instead, the pay was sporadic and constantly changing based on a profit-based formula devised and known only to the Defendants.

22. Defendants did not properly compensate the Plaintiffs at the rate of one-and-one-half times her regular rate of pay for overtime hours worked each week in excess of forty (40) and indeed did not compensate Plaintiffs for any work performed over eight hours a day.  Other times, Defendants failed to pay the Plaintiffs for work performed entirely.

23. At no time did Plaintiffs perform work that meets the definition of exempt work under the FLSA.

24. Section 207(a)( 1) of the FLSA provides that "no employer shall employ any of his employees...for a workweek longer than forty (40) hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half times the regular rate at which he is employed."

25. At all times, each Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiffs' (and others similarly situated) "employers" under FLSA, 29 U.S.C. § 207(a)(2).

26. Defendants, as Plaintiffs' employer, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times her regular rate for all hours worked per week in excess of forty (40).

27. Defendants have failed and refused, without legal excuse or justification, to compensate Plaintiffs properly, and as required by the FLSA, for hours worked and for overtime hours worked each week in excess of forty (40) hours.

28. Defendants did not attempt to accurately keep track of the Plaintiffs' hours, even though they required Plaintiffs to work eleven and a half hours per day, five days a week.  And on those occasions where the Plaintiffs worked fewer than five days a week, their pay would be adjusted downward accordingly:



Notably the hours worked, and the rate of pay were omitted from the pay advisements.

29. At all relevant times, Defendants had the power to fire Plaintiffs.

30. At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

31. At all times during the Plaintiffs' employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of the federal overtime compensation requirement.

32. At all times during the Plaintiffs' employment with Defendants, Defendants did not post or otherwise make available at Defendants' places of business any poster or information that notified employees of any enforcement remedies available to employees who are not paid by employers as required by federal law, including notification that the Department of Labor may recover back wages on behalf of employees or that underpaid employees have a private right of action to file a lawsuit against employers for nonpayment or underpayment of wages in violation of federal law.

33. At all times during Plaintiffs' employment with Defendants, Defendants did not post or otherwise make visible or available at the Defendants' place of business any poster or information that notified employees of the fact that federal law prohibits discrimination against, retaliation against or discharging workers who file a complaint or participate in any proceeding to recover unpaid or underpaid wages under federal law.

34. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by each Plaintiff or of how much each Plaintiff was paid for her work, as required by 29 C.F.R. § 516.

35. An employer who violates the FLSA overtime provision is ordinarily "liable to the employee or employees affected in the amount of their unpaid wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

36. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

37. The FLSA "plainly envisions" that liquidated damages "are the norm" for violations of the FLSA. *Mayhew v. Wells,* 125 F.3d 216, 220 (4th Cir.1997).

38. The FLSA permits a trial court in its sound discretion to refuse or reduce an award of liquidated damages only where the employer demonstrates *both* good faith *and* reasonable grounds for believing that he was not acting in violation of FLSA. *See Clifton D. Mayhew, Inc. v. Wirtz,* 413 F.2d 658, 661-62 (4th Cir. 1969).

38. The Fourth Circuit has held that the test of the good faith requirement to excuse liability is an objective one and not a subjective one. *Id.*

39. Here, Defendants cannot demonstrate good faith and reasonable grounds for their failure to pay Plaintiffs overtime wages as required by the FLSA.

40. Defendants can point to no authority or good faith basis they relied upon for their failure to pay Plaintiffs the wages at the FLSA required rate for overtime hours worked each week.

41. On information and belief, at all times during Plaintiffs' employment, Defendants had actual knowledge of the FLSA overtime pay requirement.

42. On information and belief, at all times during Plaintiffs' employment, Defendants had actual knowledge that each Plaintiff should have been paid one-and-one half (1½) times her regular rate of pay for hours worked each week in excess of forty (40).

43. On information and belief, at all times during Plaintiff' employment, Defendant had actual knowledge that the rate and method by which Defendant paid Plaintiff was in direct violation of the FLSA's overtime pay requirement.

44. Defendant's failure and refusal to pay Plaintiff the proper wages for overtime hours worked as required by the FLSA was willful and intentional, and was not in good faith.

45. The FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).

46. In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

47. As a consequence of the foregoing, Plaintiffs are entitled to recover her reasonable attorney's fees and costs associated with the prosecution of this case.

48. This court has ruled that the Plaintiffs' counsel's rate of $425.00 an hour "is within the range of reasonable rates approved in the Fourth Circuit" and has approved this rate in recent awards. *Jo-Ann Brown, et al. v. Transurban USA, Inc., et al.*, Case 1:15-cv-00494-JCC-MSN (September 29, 2016); *see also Riggle et al v. The Revolution Darts and Billiards-Centreville, LLC et al*, Case 1:17-cv-00792-CMH-IDD (March 30, 2018); *Aguilera v. Choi*, 1:18-cv-01231-CMH-JFA (January 23, 2019); *Allie v. Esprit Home Healthcare, LLC et al.*, 1:19-cv-00108-JFA (April 2, 2019); *Gonzalez et al v. Naylor*, 1:18-cv-01274-LMB-TCB (February 26, 2019); *Hernandez Caceres et al v. Sonny-N-Son's Painting, LLC et al.*, 1:18-cv-01427-MSN (August 19, 2019); and *Orellan et al v. Freeman et al.*, 1:18-cv-01186-CMH-JFA (August 22, 2019).

## OTHER PUTATIVE PLAINTIFFS

49. Plaintiffs are aware of other current and former employees of Defendants who are similarly situated in that they (1) worked many hours of overtime for Defendants; (2) were not paid for overtime hours as prescribed by law; and (3) did not perform work which would qualify them as exempt from the overtime requirements of the FLSA.

## JURY DEMAND

A trial by jury is hereby demanded.

WHEREFORE, Defendants are liable to Plaintiffs for all unpaid overtime wages and past due wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully Submitted,
Plaintiffs
By Counsel

  /s/
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-1661
Email: matt@sutterandterpak.com
Counsel for Plaintiffs